IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**TERISA C.,**[1]

Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

Defendant.

**Civ. No. 6:18-cv-02181-MC**

**OPINION AND ORDER**

---

**MCSHANE, Judge**:

Plaintiff Terisa C's application for Social Security Disability Insurance ("SSDI") was denied. She argues that the Administrative Law Judge ("ALJ") erred by incorrectly evaluating medical opinion evidence, improperly weighing "other source" opinion evidence, and wrongly rejecting Plaintiff's subjective symptom testimony. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

The Court has jurisdiction under 42 U.S.C. § 405(g). A reviewing court will affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the Court reviews the entire administrative record, weighing both the evidence that supports and detracts from the ALJ's decision. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

The Social Security Administration uses a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920 (2012). The initial burden of proof rests on the claimant to meet the first four steps. If the claimant satisfies his burden with respect the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant can adjust to other work after considering the claimant's RFC, age, education, and work experience. *Id.* If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner finds that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

At step two, the ALJ found that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease. Tr. 15.[2] The ALJ found that Plaintiff had the following RFC:

> The claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b). The claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. The claimant can stand and walk for about 6 hours in an 8-hour day and sit for 6 hours in an 8-hour day. She can push/pull as much as she can lift/carry. The claimant can occasionally reach overhead to the left and right. She can occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. Any time off task can be accommodated by normal breaks.

[2] "Tr" refers to the Transcript of the Social Security Administrative Record provided by the Commissioner.

Tr. 17. Based on the vocational expert's testimony, the ALJ concluded Plaintiff could perform past relevant work and other jobs that exist in significant numbers in the national economy. Tr. 21–22. The ALJ determined Plaintiff was not disabled. Tr. 22.

**I. Medical Opinion Evidence**

Plaintiff contends that the ALJ erred by rejecting the opinions of examining physician Dr. Scott Thomas and examining psychologist Dr. Claudia Lake. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Turner v. Comm'r*, 613 F.3d 1217, 1222 (9th Cir. 2010) (internal quotation marks and citation omitted). An ALJ may reject the uncontradicted medical opinion of a treating or examining physician only for "clear and convincing reasons" supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject the contradicted opinion of a treating or examining doctor by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

**A. Dr. Thomas**

Plaintiff first contends that the ALJ erred by rejecting without comment the portion of Dr. Thomas' opinion about needing breaks. Pl.'s Br. 12, ECF No. 17 (citation omitted). Second, Plaintiff claims that the ALJ erred in rejecting the manipulative and postural limitations assessed by Dr. Thomas. Pl.'s Br. 12. The Commissioner counters that the ALJ did not err in weighing Dr. Thomas' opinion and, even if the Court determines the ALJ erred, that any error was ultimately harmless. Def.'s Br. 6–8, ECF No. 21.

Dr. Thomas performed a consultative physical examination of Plaintiff in July 2015. Tr. 291–98. Dr. Thomas found that Plaintiff could perform the physical requirements of medium work

but would "require breaks on [an as needed] basis based upon the severity of her back pain." Tr. 295. He also noted that Plaintiff could sometimes climb ladders, scaffolds, and ropes, and would often be able to stoop, crouch, kneel, and crawl. Tr. 295–96. The ALJ gave Dr. Thomas' opinion "some weight with respect to sitting, standing, walking, and reaching overhead," but discounted Dr. Thomas' belief that Plaintiff required additional restrictions. Tr. 20. That said, the ALJ's RFC largely mirrored Dr. Thomas' opinion. *Compare* tr. 17 *with* tr. 295–96.

The Commissioner concedes that the ALJ did not specifically discuss Dr. Thomas' belief that Plaintiff needed frequent breaks from sitting. Def.'s Br. 7 (citing tr. 20, 295). But the Commissioner argues that the ALJ's *reasoning* addressed this limitation. The Court agrees. *See Garrison*, 759 F.3d at 1012 ("The ALJ must . . . set forth specific, legitimate reasons for crediting one medical opinion over another." (citation omitted)). Here, the ALJ assigned less weight to Dr. Thomas' opinion because Plaintiff's "limited range of motion, pain, and upper extremity range of motion all improved with treatment." Tr. 20. The ALJ noted multiple instances in the record where Plaintiff saw improvement. Tr. 18–19 (citing tr. 306, 308, 336). The ALJ also pointed to a report from Dr. Gregory Phillips where imaging and a physical examination did "not correlate" with Plaintiff's complaints of lumbar pain with radicular symptoms. Tr. 20 (citing tr. 485–86). Finally, the ALJ noted that a 2016 physical examination revealed full range of motion in both arms and a normal tandem gait. Tr. 19 (citing tr. 420).

An ALJ can reasonably reject medical conclusions that are unsupported by the record as a whole. *Batson*, 359 F.3d at 1195. Here, the ALJ reasonably rejected the unsupported portions of Dr. Thomas' opinion. As to the limitations not specifically addressed by the ALJ, the reasoning within the ALJ's decision ultimately addressed them. The ALJ therefore did not err in assigning little weight to Dr. Thomas' opinion.

**B. Dr. Lake**

Plaintiff also argues that the ALJ's evaluation of Dr. Lake's opinion was legal error. Dr. Lake performed a consultative psychological examination of Plaintiff in July 2015. Tr. 299–305. She opined that Plaintiff, "would have difficulty dealing with usual stress encountered in the workplace. She is juggling her pain, which interferes with her concentration. Additional stress of work would affect concentration by decreasing her focus." Tr. 303. But Dr. Lake also opined that Plaintiff would have little limitations because of her psychological condition. Tr. 302–03. The ALJ assigned Dr. Lake's opinion

> significant weight but for her assertions that the claimant would have difficulties performing detailed work and in dealing with stress, as Dr. Lake cited pain, a physical symptom, as the reason for these lapses rather than any particular mental health symptom or impairment. Dr. Lake is not a physician as such is not qualified to make such an assessment with regard to a physical symptom.

Tr. 21.

An ALJ may consider an expert's area of specialization when deciding how much weight is owed to the medical opinion. 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). Further, "if [an] . . . examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (alteration and quotation omitted).

Plaintiff believes that "the ALJ was not entitled to reject Dr. Lake's informed opinion because the primary underlying cause of [Plaintiff's] mental limitations was somatic pain, rather than a mental disorder." Pl.'s Br. 15. But this argument fails for three reasons. First, the ALJ did not outright reject Dr. Lake's opinion. Indeed, outside of the area concerning Plaintiff's concentration, the ALJ afforded it significant weight. Tr. 21. Second, because Dr. Lake's opinion was contradicted by other opinions in the record, the ALJ needed to provide specific and legitimate

reasons supported by substantial evidence. *See* tr. 70 (opining that Plaintiff would only have mild limitations in concentration, persistence, and pace). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). The ALJ did that here by discussing Plaintiff's entire medical record, including portions that both supported and undermined Plaintiff's claim. *See* tr. 18–20. Third, while evidence exists to support more than one rational interpretation of Dr. Lake's opinion, the Court is bound to uphold the ALJ's determination. *Batson*, 359 F.3d at 1196; *Garrison*, 759 F.3d at 1010.

For these reasons, the ALJ did not err in rejecting portions of Dr. Lake's opinion.

**II. "Other" Medical Source Statements**

Plaintiff next argues that the ALJ erred by discounting the opinion of her treating family nurse practitioner Jennifer DiFrancesco. The ALJ is responsible for resolving conflicts in the medical record. *Carmickle*, 533 F.3d at 1164. Under the then-operative regulations, the opinion of a nurse practitioner was considered an "other medical source," rather than an "acceptable medical source." *See Kimberly S. v. Comm'r*, No. 3:17-cv-01956-HZ, 2018 WL 6198275, at *4 (D. Or. Nov. 28, 2018) (summarizing regulatory developments in considering the opinions of "other medical sources," such as physician assistants and nurse practitioners). The ALJ may reject the competent testimony of "other medical sources" if it is inconsistent with evidence in the record or if it is contradicted by another medical specialist. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Dale v. Colvin*, 823 F.3d 941, 944–45 (9th Cir. 2016).

Ms. DiFrancesco provided Medical Evaluations in March 2015 and July 2017. Tr. 259–62, 428–32. In her original evaluation, Ms. DiFrancesco opined that Plaintiff could stand/walk for less

than two hours and sit for less than six hours in an eight-hour workday. Tr. 261. Ms. DiFrancesco found that Plaintiff was limited in her ability to perform gross manipulations with her hands and that Plaintiff required twenty-minute breaks every thirty to sixty minutes following gross manipulations. Tr. 261–62. Ms. DiFrancesco concluded that Plaintiff would miss more than two workdays per month because of the severity of her impairments. Tr. 262. In her updated evaluation, Ms. DiFrancesco further limited Plaintiff's ability to work by opining that Plaintiff needed to rest in a recliner every hour due to pain and that Plaintiff would miss more than four workdays per month because of the severity of her impairments. Tr. 429, 432.

The ALJ assigned Ms. DiFrancesco's opinions "little weight" because she was not "an acceptable medical source and [Ms. DiFrancesco's] assessment of the claimant is not consistent with the record as a whole, in particular subsequent evidence of medical improvement, decreased pain, and increased range of motion of the neck and upper extremities." Tr. 20 (citing tr. 279–98, 306–33, 411–27). Plaintiff correctly notes that the ALJ erred in discounting Ms. DiFrancesco's opinions by finding that she was an unacceptable medical source. Pl.'s Op. Br. 17; *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) ("In addition to considering the medical opinions of doctors, an ALJ must consider the opinions of medical providers who are not within the definition of 'acceptable medical sources.'" (citation and quotation omitted)).

But this error is harmless because of the ALJ's finding of inconsistency between Plaintiff's medical record and Ms. DiFrancesco's opinions. Indeed, many physical examinations suggested that Plaintiff's impairments improved with treatment. Tr. 306, 308, 336. The ALJ also cited evidence in the record that Plaintiff's pain was properly managed with medication. Tr. 411, 415, 422–23, 425. The ALJ also gave weight to Dr. Thomas' testimony, which contradicted the opinion of Ms. DiFrancesco. *Compare* tr. 261–62 *with* tr. 296. While the ALJ could not discount Ms.

DiFrancesco's opinions simply because she was not an acceptable medical source, the noted inconsistencies within the record were sufficient and germane reasons for discounting Ms. DiFrancesco's "other" medical source opinion. The Court therefore finds that the ALJ did not err in assigning little weight to Ms. DiFrancesco's opinions.

**III. Plaintiff's Symptom Testimony**

An ALJ can reject testimony regarding the severity of a claimant's symptoms by offering "clear and convincing reasons" supported by "substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). But the ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina*, 674 F.3d at 1112 (citation omitted). The ALJ may "consider a range of factors," including:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without adequate explanation, a prescribed course of treatment; and (4) whether the alleged symptoms are consistent with the medical evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). The Court will uphold an ALJ's credibility finding even if all the ALJ's rationales for rejecting clamant testimony are not upheld. *Batson*, 359 F.3d at 1197.

The ALJ found that Plaintiff's subjective symptom testimony was not entirely consistent with the record. Tr. 18–20. The ALJ noted that the objective medical record did not fully support Plaintiff's allegations. Tr. 24. "While subjective pain testimony cannot be rejected on the sole ground that is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). For example, while Plaintiff complained of

bilateral arm numbness, there was no evidence of cervical radiculopathy. Tr. 18 (citing tr. 252–56). Dr. Phillips also questioned Plaintiff's subjective complaints of lumbar pain because her imaging and physical examination did not support these allegations. Tr. 20 (citing 485–86). Plaintiff complained of significant radicular symptoms in her right arm and hand. *See* tr. 46–47, 198. But as noted by the ALJ, a nerve conduction study revealed no cervical neuropathy and a physical therapy examination revealed "no apparent neurological weakness" in either arm. Tr. 18–19 (citing tr. 252, 336).

The ALJ also found that Plaintiff's symptoms improved with treatment. Tr. 20. An ALJ may consider the effectiveness of treatment when determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3). In April 2015, Plaintiff underwent injection therapy. Tr. 306. Plaintiff reported that it was "effective without adverse effect" and that, upon examination, Plaintiff had full range of motion in both arms without guarding. Tr. 18 (citing tr. 306, 308). The ALJ also noted that physical therapy improved Plaintiff's condition. Tr. 19 (citing tr. 336).

Finally, the ALJ noted that Dr. Thomas questioned her effort on examination. Tr. 19 (citing tr. 294). Dr. Thomas implied that Plaintiff's passive shoulder range of motion was much greater than her active range of motion because of "a possible inconsistency or sign of poor effort." Tr. 294). An ALJ may consider a failure "to give maximum or consistent effort" when evaluating a claimant's credibility. *Thomas*, 278 F.3d at 959.

While Plaintiff argues that the ALJ "failed to identify specific, clear and convincing bases [sic] supported by substantial evidence in the record to reject [her] subjective symptom testimony," the ALJ's decision reflects otherwise. Pl.'s Op. Br. 21. The ALJ specifically cited substantial evidence and made clear which portions of Plaintiff's testimony were disputed. *See Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) ("[An ALJ must] state which . . . testimony is not credible

and what evidence suggests the complaints are not credible.”). The Court therefore finds that the ALJ provided clear and convincing reasons for rejecting Plaintiff’s subjective symptom testimony and will not second-guess the ALJ’s decision. *Thomas*, 278 F.3d at 959.

## CONCLUSION

For these reasons, the Commissioner’s final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 28th day of September, 2020.

**_s/Michael J. McShane_________________**
Michael J. McShane
United States District Judge